**DISTRICT COURT OF GUAM
TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HAENG HWA LEE,<br><br>Defendant. | Criminal Case No. 06-00080<br><br>**ORDER RE:<br>MOTION TO DISMISS INDICTMENT** |

This matter came before the court on Defendant HAENG HWA LEE's motion to dismiss the operative indictment in this case. *See* Docket No. 18. The court heard argument on the motion on January 6, 2009. *See* Docket No. 25. Having considered the parties' arguments and submissions, as well as the relevant authorities, the court hereby **DENIES** the motion.

**I.    FACTUAL BACKGROUND**

The indictment alleges that on or about June 4, 2004, Defendant HAENG HWA LEE was in Guam and used the false Taxpayer Identification Number ("TIN") 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 to obtain Guam Driver's license number 1228100592. *See* Docket No. 4 at 2:4-10. The indictment also alleges that Defendant conspired with EUN YOUNG LEE, and others, in doing so. *See id*. at 1:20-2:2.

**II.    PROCEDURAL BACKGROUND**

On January 23, 2008, the Grand Jury returned the operative superseding indictment, charging Defendant with (1) Criminal Conspiracy, *contra* 18 U.S.C. §§ 2 and 371; and (2) Fraud in Connection with Identification Documents, *contra* 18 U.S.C. §§ 2, 1028(a)(1), -(b)(1)(A)(ii), and -(c)(3)(A).  Docket No. 4.

On December 3, 2008, Defendant filed the instant motion. *See* Docket No. 18. The Government filed a response on December 12, 2008. *See* Docket No. 19.

### III. APPLICABLE STANDARDS

An indictment must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. Proc. 7(c)(1). To be legally sufficient, an indictment "must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and to enable him to plead double jeopardy." *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000).

Although simply tracking statutory language in an indictment "is not a cure-all," *United States v. Zavala*, 839 F.2d 523, 526 (9th Cir. 1988), doing so is usually sufficient, so long as the words unambiguously set forth all elements necessary to constitute the offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The indictment should be read in its entirety, construed according to common sense, and interpreted to include facts necessarily implied. *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir. 1976), *cert. denied*, 429 U.S. 839 (1976). Finally, "the test of sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Hinton*, 222 F.3d at 672.

### IV. ANALYSIS

Defendant contends that the indictment should be dismissed because "it does not state facts sufficient to constitute an offense against the United States." Docket No. 18 at 1.

#### A. Charge of Fraud in Connection with Identification Documents

To adequately allege the offense of Fraud in Connection with Identification Documents, an indictment must allege: (1) that the defendant knowingly produced "an identification document, authentication feature, or a false identification document"; (2) that the defendant did so "without lawful authority"; and (3) that the production, transfer, or use of the document was in or affected interstate commerce. 18 U.S.C. § 1028(a)(1), (b)(1)(A)(ii), (c)(3)(A), (d)(3)-(11). Each element is adequately alleged here.

### 1. Knowing production of a false identification document

As to element (1), the term "identification document" includes driver's licenses, and the term "produce" embraces the meanings of the terms "alter, authenticate, or assemble." 18 U.S.C. § 1028(b)(1)(A)(ii), -(d)(10). The indictment states that Defendant knowingly produced a false Guam Driver's license, bearing the number 1228100592. Docket No. 4 at 2:4-9. This language clearly points to the relevant "false identification document," and states that Defendant produced it knowingly. As such, this element is adequately alleged.

### 2. "Without lawful authority"

Element (2)—production "without lawful authority"—is the focus of Defendant's motion.

Defendant argues that she cannot have violated 18 U.S.C. § 1028(a)(1) by obtaining a Guam driver's license with a false TIN when there is no Guam law to the effect that the Department of Revenue and Taxation ("DR&T") may only issue a Guam driver's license upon an applicant's submission of a valid TIN. *See generally* Docket Nos. 20-21. Thus, her argument essentially is that she cannot have violated Section 1028(a)(1) unless DR&T *itself* had violated Guam law by issuing her driver's license *ultra vires*.

As far as the court can tell, the only reported appellate decision that considers how Section 1028(a)(1) applies to the facts of a case is *United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003) (Wilkinson, J.). In *Rashwan*, the defendant argued that he had been improperly prosecuted under Section 1028(a)(1) because he *himself* had not "produced" the relevant identification document; rather, he had merely *caused* the Virginia DMV to produce it, on the basis of his misrepresentations. *Id*. at 162-64. The Fourth Circuit rejected this causation argument, holding that Rashwan's prosecution was proper because he had "provid[ed] false information to the DMV with the specific intent that the agency would then produce a false identification document for him." *Id*. at 164 (*construing* 18 U.S.C. § 1028(a)(1)).

*Rashwan* therefore establishes that proof that a defendant "provid[ed] false information to the DMV with the specific intent that the agency would then produce a false identification document for him" is sufficient to sustain a conviction under 18 U.S.C. § 1028(a)(1). From this,

- 3 -

it *necessarily* follows that an indictment alleging facts that, if proven at trial, would amount to the same proof as in *Rashwan* is sufficient.

Thus, the test for whether a violation under 18 U.S.C. § 1028(a)(1) is adequately alleged is whether the indictment generally states that the defendant "provid[ed] false information to the DMV [or analogous entity] with the specific intent that the agency would then produce a false identification document for him."[1]

Here, the indictment alleges that Defendant obtained a false Guam driver's license on the basis of an application bearing a false TIN. Docket No. 4 at 2:1-8. A false TIN is relevant "false information" within the ambit of 18 U.S.C. § 1028(a)(1). *See* H.R. Rep. No. 97-802, at 9 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3519, 3527 ("identifying elements" contemplated by Section 1028(a)(1) include "any unique number assigned to an individual by any federal or state government entity"). It is further alleged in the indictment that Defendant acted "knowingly," from which the court easily infers a specific intent that the false driver's license be produced, since it is hard to see why Defendant would have knowingly committed this action absent such intent. Put differently, proof of the alleged conduct would, under *Rashwan*, clearly support a finding that Defendant "provid[ed] false information to the DMV with the specific intent that the agency would then produce a false identification document for [her]." *Rashwan*, 328 F.3d at 165.

Defendant argues that *Rashwan* actually supports her position, "because there was a Virginia statute requiring Virginia residence" while "there is no Guam statute or regulation requiring a TIN." Docket No. 24 at 2. This argument is frivolous. There is no reason to think that the "Virginia statute requiring Virginia residence" was at all important to the *Rashwan* court's analysis—for instance, it is not mentioned *anywhere* in its opinion. This strongly

---

[1] The term "specific intent" need not appear in the indictment; rather, because such intent may be inferred from circumstantial evidence, the question is whether the alleged conduct "evidences" such intent. *Manta v. Chertoff*, 518 F.3d 1134, 1142 (9th Cir. 2008).

- 4 -

1  suggests that violation of a state or local law simply is not an element of Section 1028(a)(1),
2  contrary to Defendant's arguments.

3  As a final and related comment, the court notes that "violation of local, state or federal law is not an essential element of an offense under [18 U.S.C. § 1028(a)(4)]." *United States v. McCormick*, 72 F.3d 1404, 1407 (9th Cir. 1995). The Ninth Circuit explicitly based this holding upon review of "both the text *and the legislative history* of 18 U.S.C. § 1028(a)(4)." *Id*. (emphasis added). Section 1028(a)(4) is, obviously, distinct from Section 1028(a)(1), but it is part of the same statutory scheme. It criminalizes knowing possession of "an identification document (other than one issued lawfully for the use of the possessor), authentication feature, or a false identification document, with the intent such document or feature be used to defraud the United States." 18 U.S.C. § 1028(a)(4). If violation of local, state or federal law is *not* an essential element of an offense requiring proof that an identification document was not "issued lawfully," it is hard to see why, as Defendant argues, such a violation *would be* an essential element of an offense requiring proof that an identification document was produced "without lawful authority." This is especially so when the two offenses are part of the same statutory scheme, and thus presumably have the same underlying legislative history—which, again, the Ninth Circuit explicitly cited as a basis of its *McCormick* decision.

In short, Defendant's arguments lack merit. This element is adequately alleged.

### **3. Effect on interstate commerce**

Finally, as to element (3), the indictment states that Defendant's production of the false Driver's license "was in and affected interstate and foreign commerce." Docket No. 4 at 2:8-10. It is immaterial that the indictment does not state precisely how the act of production "affected interstate and foreign commerce," because such an explanation would be evidentiary matter and "[t]he Government is not required to set forth evidentiary matter [in an indictment]." *United States v. Carr*, 582 F.2d 242, 244 (2d Cir. 1978). As such, this element is adequately alleged.

### B. Charge of Criminal Conspiracy

As to the conspiracy charge, "[a]n indictment charging a conspiracy is sufficient if it alleges an agreement, and identifies both the object towards which the agreement is directed and an overt act." *United States v. Shaffer*, 383 F. Supp. 339, 341-42 (D. Del. 1974). The indictment alleges an agreement (between Defendant and EUN YOUNG LEE, and other persons "both known and unknown to the Grand Jury"), its object (to commit the offense of Fraud in Connection with Identification Documents), and an overt act (applying for, and procuring, a Guam Driver's license by means of a false TIN). Therefore, the indictment shall be sustained insofar as it adequately alleges that Defendant engaged in a criminal conspiracy focused on committing the offense of Fraud in Connection with Identification Documents.

## V. CONCLUSION

In light of the foregoing analysis, the motion to dismiss is **DENIED**. The indictment is sustained altogether, because it adequately alleges both counts.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
   Chief Judge
**Dated: Jan 16, 2009**